[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned medical malpractice action comes before this court on a motion for summary judgment filed by defendants Fred Siegel, Carol Moekel and Middlesex Obstetrical and Gynecological Associates, P.C. The movants claim that they are entitled to summary judgment because the only expert witness disclosed by the plaintiff to date does not hold the opinion that they deviated from the standard of care in performing gynecological surgery on the plaintiff in 1994.
The plaintiff alleges that the movants were negligent in one and only one respect: that the two doctors "failed to exercise reasonable and ordinary care skill and ability in the treatment of the plaintiff in that [then]. . . left ovarian tissue inside the plaintiff's body and/or abdomen during a surgery to remove her ovaries." (Revised complaint, Counts Three and Four, paragraph 8; Count Five, paragraph 7).
The plaintiff filed a notice of disclosure of expert pursuant to § 220(D) P.B. dated August 26, 1997. In that disclosure, the plaintiff states that a subsequent treating physician, Dr. Vincent Catrini, will testify at trial that the movants "wrongfully and/or erroneously left ovarian tissues and the entire right ovary in the plaintiff's abdomen and failed to remove them as part of the surgery." CT Page 13816
The movants claim that when they deposed the disclosed expert witness, he did not opine that they had deviated from the standard of care.
The plaintiff had filed a notice of disclosure of expert which stated, at paragraph 1, that Dr. Catrini was expected to testify to the following opinion:
1. That Dr. Fred Siegel with and assistant of [sic] Dr. Carol Moekel, wrongfully and/or erroneously left ovarian tissues in her abdomen and the entire right ovary which he cut out, between the bladder and rectum of Nancy Travis (See Medical reports and Records), after an abdominal surgery.
At his deposition, Dr. Catrini testified that he had not seen the disclosure in which his alleged opinion is disclosed. He stated that "I don't accept all the premises involved in statement one." Counsel for the movants posed the following question to the expert witness disclosed by the plaintiff:
 Q. You've already indicated to us, Doctor, that in your opinion, Dr. Fred Siegel and his assistant, Dr. Carol Moekel, did not deviate for the acceptable medical standards of care in the performance of the bilateral salpingo-oophorectomy procedure in July of 1994, correct.
A. Correct.
On cross-examination at the deposition, plaintiff's counsel asked, in effect, whether it would be a deviation from the standard of care for surgeons to leave behind tissue of the size of the cyst subsequently removed by Dr. Catrini. While Dr. Catrini opined that such conduct would be a deviation, he stated that he had no way of knowing whether the tissue that he encountered as a large cyst was the same size when the movants closed the surgery or whether the cyst had developed in the intervening eight months. While the examination of this witness was not well-organized and while questions were poorly framed, it appeared that he did not hold the opinion that leaving small amounts of ovarian tissue was a deviation because of the risk that efforts to achieve complete removal would pose a risk of cutting the bowel. He opined that it was possible, though not likely, that a large cyst had been left behind, and that it was more probable that the cyst had developed around small pieces of CT Page 13817 retained ovarian tissue.
The movants have submitted no affidavits to establish what the facts are with regard to the leaving behind of ovarian tissue. They have submitted no affidavits to the effect that their performance was within the standard of care. Rather, their motion is based solely on the prediction that the plaintiff will not be able to present evidence at trial to support her claim of malpractice.
In order to be granted summary judgment, a movant must show what the facts are, that there are no genuine issues as to any material facts and that the movant is entitled to judgment as a matter of law upon the undisputed facts alleged. Practice Book § 384. Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105
(1994); Barrett v. Danbury Hospital, 232 Conn. 242, 250 (1995);Water Way Properties v. Colt Manufacturing Co., 230 Conn. 660,664 (1994); Silver v. Jacobs, 43 Conn. App. 184, 188 (1996). The movants have not satisfied these requirements; rather, their motion asserts that they are entitled to judgment "for failure of the plaintiff to produce the requisite expert testimony as to standard of care and deviation therefrom required for a medical malpractice case to go to the jury."
While the Supreme Court has observed that the test for determining a motion for summary judgment is "whether a party would be entitled to a directed verdict on the same facts"Connell v. Colwell, 24 Conn. 242, 247 (1990), that the statement does not create a standard for summary judgment based solely on the state of the plaintiff's preparation for trial but rather on the legal conclusion on the merits compelled by the demonstrated undisputed facts. The movants have not demonstrated that they are entitled to judgment on the undisputed facts.
This case has not yet been assigned a trial date. While the judge who conducted a pretrial ordered the plaintiff to disclose her expert by August 31, 1997, that order was entered with the expectation of an early trial. Section 220(D) P. B. now requires plaintiff to disclose experts "within a reasonable time prior to trial." With regard to a motion by other defendants to preclude last minute disclosures of experts, this court has imposed a deadline of December 15, 1997 for the disclosure of experts, with the expectation that the case will be reached for trial within a two or three months after that date. This court cannot find that there is no prospect that the necessary proof will be available CT Page 13818 to the plaintiff at trial, and the movants have failed to establish by competent affiants or otherwise that they are entitled to judgment on the merits of the undisputed facts.
The motion of defendants Siegel, Moekel, and Middlesex Obstetrical and Gynecological Associates, P.C. for summary judgment is denied.
BEVERLY, J. HODGSONJUDGE OF THE SUPERIOR COURT